# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

LEANDREW SARTIN,

      Plaintiff,

    v.                        Case No. 20-CV-118

OFFICER ADERMAN, *et al.*,

      Defendants.

## SCREENING ORDER

Plaintiff Leandrew Sartin, a Wisconsin state inmate, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendant violated his constitutional rights by interfering with his mail while he was confined at the Milwaukee Secure Detention Facility (MSDF). The court screened his complaint and found it did not contain allegations sufficient to state a constitutional violation related to his mail. But the court did find that Sartin's motions asking to "add evidence" to his complaint suggested he may have been experiencing retaliation for complaining about his mail issues. It denied the motions to add evidence but gave Sartin a chance to file an amended complaint based on the information in the motions to add evidence. He has done so.

This order screens his amended complaint, denies as moot his second motion for leave to amend without prepaying the filing fee (ECF No. 14), and denies his

motions to quash dismissal (ECF No. 16), for an order regarding tampering with his mail (ECF No. 20), and to appoint counsel (ECF No. 21).

## 1. Screening the Amended Complaint

### *1.1 Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners, including amended complaints, seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

2

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Sartin's Allegations

In the caption of the amended complaint Sartin lists Officer Aderman, Officer Williams, Sergeant Morales, and Erin Whelan as defendants, but when listing the parties in the body of the amended complaint he identifies only Officer Aderman as a defendant.

According to the amended complaint, Whelan is the supervisor of the records office at MSDF, where Sartin is housed. Sartin alleges that Whelan is a "friend, Family, or co-worker of officer Aderman." (ECF No. 15 at 2.) Sartin asked Whelan for his release date for about six months without any success. Whelan told Sartin that he did not yet have a release date and that she would let him know when she learned that he had one.

Sartin then alleges that he spoke to someone in the records office who explained that he had two cases and was discharged on one case—11CF435—on March 19, 2019, and "most of [his] good time of 244 days would go to that case." (ECF

3

No. 15 at 2.) Sartin does not seem to take issue with the disposition of the 244 good time days.

The court understands Sartin to be alleging that Whelan tampered with his start date and what he refers to as 117 days of good time credits. He was arrested on April 24, 2019, on case 11CF435, for violating his conditions of supervised release. When Whelan amended his revocation order for his second case—09CF841—she changed his start date to August 19, 2019 even though he had been in custody since April 24, 2019. Sartin alleges he was supposed to have received 117 days of "good time credit" for time he spent in county jail, but it was lost by Whelan changing his start date. His release date was therefore also affected. Sartin alleges that Whelan "tamper[ed] with [his] sentence structure" and "play[ed] with [his] emotional stress disorder that he has from officer Aderman, [sic] action of tampering with [his] U.S. mail." (*Id.* at 3.) He alleges that it was a way "to take [him] from the issue at hand with office [sic] Aderman[.]" (*Id.*)

*1.3 Analysis*

When the court gave Sartin leave to file an amended complaint it did so because his motions to add new evidence suggested that he might have a claim for retaliation. Specifically, it sounded like he was alleging that he was experiencing issues with his legal loan, release date, and conduct reports/housing status in retaliation for having complained about his mail. But his amended complaint does not state a claim for retaliation. As the court explained in its order screening the original complaint, a claim for retaliation under the First Amendment requires Sartin

4

to allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014).

Sartin's amended complaint makes no mention of engaging in any protected activity. He mentions only that Whelan exacerbated his emotional distress related to Aderman tampering with his mail. Because he does not allege that he engaged in a protected activity, there is no reason to examine the remaining two elements of a retaliation claim.

The crux of Sartin's amended complaint is that Whelan calculated his sentence incorrectly, although he does not allege she did so in retaliation for him engaging in any particular protected activity. The court will not consider the merits of these allegations because he is bringing claims concerning his sentence calculation in another lawsuit, 20-CV-1227. The court will address the merits of these allegations in an order screening the complaint in that case.

## 2. Motion to Quash Dismissal and Motion for Order Regarding Tampering of his Mail

Sartin also filed two motions related to his mail, the subject of his original complaint. In the first, a motion to "quash dismissal," he reiterates that he believes Aderman is tampering with his U.S. mail. The second motion, asking for an order regarding the tampering of his mail, also explains the ways in which he believes officials at MSDF are interfering with his mail.

5

The court will deny both motions. The amended complaint does not state a claim for tampering with Sartin's mail. As such, the relief he seeks is outside of the scope of the amended complaint. Additionally, the substance of these two motions is the subject of another of Sartin's new cases, 20-CV-1413. Indeed, much of the complaint in that case is the same as his second motion asking for an order to deal with the alleged mail tampering. The court denies both motions.

### 3. Motion to Proceed Without Prepaying Filing Fee

Sartin filed a second motion to proceed without prepaying the filing fee when he filed his amended complaint. The court already granted him leave to do so in its original screening order. Therefore, his motion is unnecessary. The court denies it as moot.

### 4. Motion to Appoint Counsel

Finally, Sartin filed a motion to appoint counsel. As the court has previously explained, whether to recruit an attorney to represent a plaintiff who is unable to afford one is within the court's discretion. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). The crux of the inquiry is whether the case is legally and factually too complex for the plaintiff, as a layperson, to investigate, gather evidence, and present. *Navejar*, 718 F.3d at 696 (citations omitted).

The court does not believe that Sartin's failure to state a claim for retaliation evidences a need for counsel. Sartin filed a separate case about the same allegations contained in his amended complaint. He is capable of explaining what happened to

6

him. Whether he may need assistance of counsel in that lawsuit can be addressed if and when that time comes.

**5. Conclusion**

**THEREFORE, IT IS ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that Sartin's motion to quash dismissal (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that Sartin's motion for order regarding tampering of his mail (ECF No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Sartin's motion to proceed without prepaying the filing fee (ECF No. 14) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Sartin's motion to appoint counsel (ECF No. 21) is **DENIED**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an

extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 5th day of January, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge

8